## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN SHANAWAZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTELLIPHARMACEUTICS INTERNATIONAL INC., ISA ODIDI and DOMENIC DELLA PENNA,<br><br>Defendants. | No.: 1:17-cv-05761<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF GUY BRAVERMAN AND ERIC LUDWIG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL** |
| GUY BRAVERMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTELLIPHARMACEUTICS INTERNATIONAL INC., ISA ODIDI, and DOMENIC DELLA PENNA,<br><br>Defendants. | No.: 1:17-cv-06045 |
| DAVID DUCHARME, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTELLIPHARMACEUTICS INTERNATIONAL INC., ISA ODIDI, and DOMENIC DELLA PENNA,<br><br>Defendants. | No.: 1:17-cv-06621 |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT .................................................................................................................................4

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ....................................................................................................................4

    B.    BRAVERMAN AND LUDWIG SHOULD BE APPOINTED LEAD PLAINTIFFS .....................................................................................................................6

        1.    Braverman and Ludwig are Willing to Serve as Class Representatives .......................................................................................................7

        2.    Braverman and Ludwig Have the "Largest Financial Interest"....................7

        3.    Braverman and Ludwig Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure .........................................8

        4.    Braverman and Ludwig Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses ................11

    C.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ....................................................................................................................11

CONCLUSION ............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
  216 F.R.D. 567 (D. N.J. 2003)..................................................................................................8

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)................................................................................................................10

*Baby Neal v. Casey*,
  43 F.3d 48 (3d Cir. 1994).........................................................................................................9

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) ..............................................................................................5

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006)................................................................................................9, 10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ..............................................................................................5

*Danis v. USN Communs., Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999)................................................................................................9

*Fischler v. Amsouth Bancorporation*,
  176 F.R.D. 583 (M.D. Fla. 1997)..............................................................................................9

*Gluck v. Cellstar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................9

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) ..............................................................................................9

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
  2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004).............................................................8

*In re Comverse Tech., Inc., Sec. Litig.*,
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..........................................................8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
  2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ......................................................5, 6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) .......................................................................................8, 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
　182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
　262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................................5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
　225 F.R.D. 508 (E.D. Pa. 2004) ...................................................................................................8

*Janovici v. DVI, Inc.*, No. 03-4795,
　2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ..............................................................8

*Johnson v. Celotex Corp.*,
　899 F.2d 1281 (2d Cir. 1990) .......................................................................................................5

*Lax v. First Merch. Acceptance Corp.*,
　1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...............................................................7

*Malcolm v. Nat'l Gypsum Co.*,
　995 F.2d 346 (2d Cir. 1993) .........................................................................................................5

*Osher v. Guess ?, Inc.*,
　2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...........................................................11

*Riordan v. Smith Barney*,
　113 F.R.D. 60 (N.D. Ill. 1986) ...................................................................................................10

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................ *passim*

Prescription Drug User Fee Act ........................................................................................................3

## **Rules**

Federal Rules of Civil Procedure Rule 23 ............................................................................ *passim*

Federal Rules of Civil Procedure Rule 42 ..................................................................................1, 5, 9

Movants Guy Braverman and Eric Ludwig (together, "Braverman and Ludwig") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order:  (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Braverman and Ludwig as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired the securities of Intellipharmaceutics International Inc. ("Intellipharmaceutics" or the "Company") between May 21, 2015 and July 26, 2017, both dates inclusive (the "Class Period"); (3) approving Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm P.A. ("Rosen") as Co-Lead Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Braverman and Ludwig, with losses of approximately $51,427 in connection with their purchases of Intellipharmaceutics securities during the Class Period, have the largest financial interest in the relief sought in this action.  Braverman and Ludwig further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members.  Accordingly, Braverman and Ludwig respectfully submit that they should be appointed Lead Plaintiffs.

## **STATEMENT OF FACTS**

Intellipharmaceutics International Inc. is a pharmaceutical company specializing in research, development, and manufacture of novel and generic controlled-release and targeted-release oral solid dosage drugs.

The Company's main product candidate is Rexista, an abuse-deterrent oxycodone hydrochloride extended release tablets. Rexista is indicated for the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate.

Founded in 1998, the Company is headquartered in Toronto, Canada. Intellipharmaceutics' stock trades on the NASDAQ stock market under the ticker symbol "IPCI."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Intellipharmaceutics failed to conduct a human abuse liability study to support its Rexista New Drug Application ("NDA"); (ii) the Company did not include abuse-deterrent studies conducted to support abuse-deterrent label claims related to abuse of the drug by various pathways, including oral, intra-nasal and intravenous routes of abuse; (iii) Intellipharmaceutics was not submitting sufficient data to support approval of the Rexista NDA; and (iv) as a result of the foregoing, Intellipharmaceutics' public statements were materially false and misleading at all relevant times.

On July 27, 2017, before the market opened, Intellipharmaceutics issued a press release, also attached as exhibit 99.1 to the Form 8-K filed with the SEC announcing update on the U.S.

Food FDA Advisory Committee Meeting for Rexista ("July 2017 Press Release"). The press release stated, in pertinent part:

### Intellipharmaceutics Provides Update on FDA Advisory Committees Meeting for Rexista™ (oxycodone hydrochloride extended release), an Abuse-Deterrent Opioid Analgesic for the Treatment of Moderate to Severe Pain

TORONTO, July XX, 2017 (GLOBE NEWSWIRE) -- Intellipharmaceutics International Inc. (Nasdaq: IPCI) (TSX:IPCI) ("Intellipharmaceutics" or the "Company"), a pharmaceutical company specializing in the research, development and manufacture of novel and generic controlled-release and targeted-release oral solid dosage drugs, today announced that *the Anesthetic and Analgesic Drug Products Advisory Committee and Drug Safety and Risk Management Advisory Committee of the U.S. Food and Drug Administration ("FDA") voted 22 to 1 in finding that the Company's New Drug Application ("NDA") for Rexista™ abuse-deterrent oxycodone hydrochloride extended release tablets should not be approved at this time. The committees also voted 19 to 4 that the Company has not demonstrated that Rexista™ has properties that can be expected to deter abuse by the intravenous route of administration, and 23 to 0 that there are not sufficient data for Rexista™ to support inclusion of language regarding abuse-deterrent properties in the product label for the intravenous route of administration.*

*The committees expressed a desire to review the additional safety and efficacy data for Rexista™ that may be obtained from human abuse potential studies for the oral and intranasal routes of administration.* Accordingly, the Company intends to conduct Category 3 abuse potential studies to provide the data the Company believes necessary to support abuse-deterrent properties of Rexista™ for the oral and intranasal routes, which are required for abuse-deterrent labeling claims for such routes. *The Company has an FDA approved protocol for a human abuse potential study for the intranasal route of abuse, which it plans on commencing in the coming weeks.*

Rexista™ is indicated for the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate. The FDA is not bound by the advisory committees' recommendation, but will consider their guidance as it continues its review of Rexista™. The FDA set a Prescription Drug User Fee Act (PDUFA) goal date of September 25, 2017 for completion of its review of our Rexista™ NDA candidate.

The CEO of Intellipharmaceutics, Dr. Isa Odidi, said, "While we are disappointed with the Committees' overall vote, we will endeavor to remedy the concerns raised by completing the necessary human abuse potential studies in relation to the intranasal and oral routes of abuse. We will continue to work with the FDA in

3

progressing this file over the next few weeks as we approach the September 25, 2017 PDUFA date."

There can be no assurance that we will not be required to conduct further studies for Rexista™, that the FDA will approve any of the Company's requested abuse-deterrent label claims or that the FDA will ultimately approve the NDA for the sale of Rexista™ in the U.S. market, or that it will ever be successfully commercialized.

(Emphases added.)

In fact, the report issued by the Anesthetic and Analgesic Drug Products Advisory Committee and Drug Safety and Risk Management Advisory Committee of the FDA, which became available the same day ("July 2017 FDA Report"), itself stated in relevant part:

> ***"The safety information collected in the pharmacokinetic studies was of limited value due to the fact that these were generally single-dose studies*** (except one multiple dose study) conducted in healthy volunteers who were naltrexone-blocked. ***There were no human abuse liability studies submitted with the NDA. No new safety signals were identified during the review of the oxycodone ER tablets application beyond what is already known for oxycodone products."***

(Emphases added.)

On this news, Intellipharmaceutics' share price fell $1.13, or 45.38%, to close at $1.36 on July 27, 2017.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

4

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints

are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B.   BRAVERMAN AND LUDWIG SHOULD BE APPOINTED LEAD PLAINTIFFS

Braverman and Ludwig should be appointed Lead Plaintiffs because they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Braverman and Ludwig satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1. Braverman and Ludwig are Willing to Serve as Class Representatives

On July 31, 2017 counsel for plaintiff in the first of the above-captioned actions to be filed caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Intellipharmaceutics securities that they had 60 days—*i.e.*, until September 29, 2017—to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Motion of Guy Braverman and Eric Ludwig for Consolidation, Appointment as Lead Plaintiffs and Approval of Counsel ("Lieberman Decl."), Ex. A.

Braverman and Ludwig have filed the instant motion pursuant to the Notice, and have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Braverman and Ludwig satisfy the first requirement to serve as Lead Plaintiffs of the Class.

### 2. Braverman and Ludwig Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Braverman and Ludwig believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS

7

11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, Braverman and Ludwig (1) purchased 26,800 shares of Intellipharmaceutics securities; (2) expended $78,822 on their purchases of Intellipharmaceutics securities; (3) retained all of their Intellipharmaceutics shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $51,427 in connection with their Class Period purchases. *See* Lieberman Decl., Ex. C. Because Braverman and Ludwig possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Braverman and Ludwig Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

8

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Braverman and Ludwig are typical of those of the Class. Braverman and Ludwig allege, as do all class members, that defendants violated the Exchange Act by making

what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading.  Braverman and Ludwig, as did all members of the Class, purchased Intellipharmaceutics securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Braverman and Ludwig are adequate representatives for the Class. There is no antagonism between the interests of Braverman and Ludwig and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Braverman and Ludwig have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Braverman and Ludwig Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing Braverman and Ludwig as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Braverman and Ludwig to fairly and adequately represent the Class has been discussed above. Braverman and Ludwig are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Braverman and Ludwig should be appointed Lead Plaintiffs for the Class.

### C. LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Braverman and Ludwig have selected Pomerantz and Rosen as Co-Lead Counsel for the Class. Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Lieberman Decl., Exs. D-E. As a result of the firms' extensive experience in litigation involving issues similar to those

11

raised in the Related Actions, Braverman and Ludwig's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Braverman and Ludwig, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Braverman and Ludwig respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Braverman and Ludwig as Lead Plaintiff for the Class; (3) approving Pomerantz and Rosen as Co-Lead Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   September 29, 2017

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
         ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060

Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Movants and*
*Proposed Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movants*