UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAWN SHANAWAZ,
                Plaintiff,

-v-

INTELLIPHARMACEUTICS
INTERNATIONAL INC., et al.,
                Defendants.

17-CV-5761 (JPO)

---

GUY BRAVERMAN,
                Plaintiff,

-v-

INTELLIPHARMACEUTICS
INTERNATIONAL INC., et al.,
                Defendants.

17-CV-6045 (JPO)

---

DAVID DUCHARME,
                Plaintiff,

-v-

INTELLIPHARMACEUTICS
INTERNATIONAL INC., et al.,
                Defendants.

17-CV-6621 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    This is a putative shareholder class action against Intellipharmaceutics International Inc. and its executives. The crux of the plaintiffs' allegations is that Intellipharmaceutics misled investors on the efficacy of one of its drugs, and that plaintiffs' stock value dropped as a result. For the reasons that follow, the Court (1) consolidates the above three cases, (2) appoints David

Ducharme, Sam Snyder, and Julia Ann Snyder as lead plaintiffs, and (3) approves the choice of Kahn Swick & Foti, LLC, as lead counsel for the class.

## I. Background

Three groups of plaintiffs are vying to represent the class:

<u>Shanawaz</u>: Shawn Shanawaz was the first plaintiff to file suit. However, he has not formally moved to be appointed lead plaintiff, and has not made a submission showing the total amount of losses he allegedly suffered.

<u>The Braverman group</u>: Guy Braverman was second to file suit. He now moves, along with Eric Ludwig, to consolidate the three cases and be appointed lead plaintiffs. They also move to appoint Pomerantz LLP and The Rosen Law Firm as lead counsel for the class. Together, Braverman and Ludwig assert that they lost $51,427.00 as a result of the alleged scheme. (17-CV-5761 Dkt. No. 20-3.)

<u>The Ducharme group</u>: David Ducharme was last to file suit. He now moves, along with Sam Snyder and Julia Ann Snyder, to consolidate the three cases and be appointed lead plaintiffs. They also move to appoint Kahn Swick & Foti, LLC, as lead counsel for the class. Together, Ducharme and the Snyders assert that they lost $101,484.97 as a result of the alleged scheme. (17-CV-5761 Dkt. No. 17-2.)

None of the contenders has filed an opposition to their competitors' motions. Defendants do not object to consolidation, and take no position with respect to the Court's appointment of lead plaintiff or the selection of lead plaintiff's counsel.

## II. Legal Standard

Under Rule 42 of the Federal Rules of Civil Procedure, courts may consolidate cases "involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). "The trial court has

broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a court is to appoint as lead plaintiff the member or members of the purported class who are the "most capable of adequately representing the interests of class members," referred to in the statute as the "most adequate plaintiff." 15 U.S.C. § 78u–4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that (1) "has either filed the complaint or made a motion in response to a notice"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u–4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interest of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u–4(a)(3)(B)(iii)(II). Finally, as to the selection of lead counsel, the PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u–4(a)(3)(B)(v).

### III. Discussion

The only major distinction between the three groups of plaintiffs is the amount of loss: The Ducharme group lost $101,484.97; the Braverman group lost $51,427.00; and Shanawaz has not filed a statement listing his total losses. Since the competing groups of plaintiffs are nearly identical in all other respects, the amount of loss is dispositive. *See Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133, 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) ("It is well settled that financial loss, the last factor, is the most important element of the test." (quoting *Varghese v.*

3

*China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alterations and quotation marks omitted)).[1]

## IV. Conclusion

For the foregoing reasons, the Ducharme group's motion at Docket Number 15 is GRANTED. The Braverman group's motion at Docket Number 18 is DENIED. The above-captioned three cases are hereby consolidated, and David Ducharme, Sam Snyder, and Julia Ann Snyder are appointed lead plaintiffs. The Court likewise approves Kahn Swick & Foti, LLC, as lead counsel for the class.

The Clerk of Court is directed to close the motions at Docket Numbers 15 and 18.

SO ORDERED.

Dated: November 21, 2017
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] Since both the Ducharme and Braverman groups are small in number, the Court finds it appropriate to measure the amount of loss on a group-wide basis. *See Peters*, 2012 WL 946875, at *6–7.