**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAWN SHANAWAZ, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| INTELLIPHARMACEUTICS INTERNATIONAL INC., ISA ODIDI and DOMENIC DELLA PENNA, | ) ) ) ) |
| Defendants. | ) ) ) |

Case No. 1:17-cv-05761

HON. J. PAUL OETKEN

**<u>STIPULATION OF
SETTLEMENT</u>**

This Stipulation of Settlement (including the Exhibits) (collectively, the "Stipulation") is entered into this 4th day of November, 2019 between Lead Plaintiffs David Ducharme, Sam Snyder and Julia Ann Snyder (on behalf of themselves and each of the putative Class Members), Additional Plaintiffs Guy Braverman and Eric Ludwig, and defendants Intellipharmaceutics International Inc. ("Intellipharmaceutics" or the "Company"), Dr. Isa Odidi, and Domenic Della Penna.  This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below) upon and subject to the terms and conditions herein.

## I.    DEFINITIONS

As used in the Stipulation, the following terms have the meanings specified below:

### *The Parties*

1.1    "Additional Counsel" means Pomerantz LLP, counsel for Additional Plaintiffs;

1.2    "Additional Plaintiffs" means Guy Braverman and Eric Ludwig;

1.3    "Company" or "Intellipharmaceutics" means Intellipharmaceutics International, Inc.;

1.4    "Defendants" means Intellipharmaceutics and the Individual Defendants;

1.5    "Individual Defendants" means Dr. Isa Odidi and Domenic Della Penna;

1.6    "KSF" means Kahn Swick & Foti, LLC and its predecessors and successors;

1.7    "Lead Counsel" means KSF;

1.8    "Lead Plaintiffs" means David Ducharme, Sam Snyder and Julia Ann Snyder, who were appointed as Lead Plaintiffs by order of the Court dated November 21, 2017;

1.9    "Parties" means Lead Plaintiffs (on behalf of themselves and the Class Members), Additional Plaintiffs, Intellipharmaceutics, and the Individual Defendants;

1.10    "Plaintiffs" means the Lead Plaintiffs and the Additional Plaintiffs;

1.11    "Plaintiffs' Counsel" means KSF and Pomerantz LLP;

*Additional Defined Terms*

1.12    "Action" means the above-captioned case;

1.13    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation;

1.14    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe;

1.15    "Claims Administrator" means Rust Consulting Inc.;

1.16    "Claim Form" shall have the meaning set forth in ¶3.1 of this Stipulation;

1.17    "Class" means, for the purposes of settlement only: all persons or entities who purchased or otherwise acquired Intellipharmaceutics common stock in a Covered Transaction at any time from May 21, 2015 through and including July 27, 2017 (the "Class Period") and were or may have been damaged thereby.  Excluded from the Class are Defendants, members of their immediate families, and their legal representatives, heirs, successors or assigns.  "Covered Transaction" means either: (i) a transaction in Intellipharmaceutics common stock listed for trading on the NASDAQ Stock Market; or (ii) a transaction in Intellipharmaceutics common stock to which the United States securities laws apply, including as provided in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010).  For the avoidance of any doubt, "Covered Transaction" shall not include any transaction in Intellipharmaceutics common stock listed for trading on the Toronto Stock Exchange (TSX).

1.18    "Class Member" means a Person who falls within the definition of the Class;

1.19    "Class Notice and Administration Fund" shall have the meaning set forth in ¶2.10 of this Stipulation;

1.20    "Class Period" means the period of time between May 21, 2015 and July 27, 2017, inclusive;

1.21    "Contribution Agreement" means that agreement attached hereto as Exhibit C.

1.22    "Court" means the United States District Court for the Southern District of New York;

1.23    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have occurred;

1.24    "Escrow Account" means an interest-bearing account maintained by the Escrow Agent;

1.25    "Escrow Agent" means KSF;

1.26    "Exhibits" means all of the exhibits to this Stipulation, including Exhibit A, Exhibit A-1, Exhibit A-2, Exhibit A-3, Exhibit B, Exhibit C and Exhibit D;

1.27    "Fee and Expense Application" shall have the meaning set forth in ¶6.1 of this Stipulation;

1.28    "Fee and Expense Award" shall have the meaning set forth in ¶5.2 of this Stipulation;

1.29    "Final" means when the last of the following with respect to the Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed (including to the extent that the time to appeal has been extended in a manner provided for in the Federal Rules of Civil Procedure)

without any appeal having been taken, unless the date to take such an appeal shall have been extended by Court order; (iii) if a motion to alter or amend the Judgment is timely filed, the motion is denied; and (iv) if an appeal is taken, either (a) the appeal has been dismissed and the time, if any, for commencing any further appeal has expired, or (b) the Judgment has been affirmed in its entirety and the time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or payments to Plaintiffs or the Plan of Allocation;

1.30    "Final Approval Hearing" shall have the meaning set forth in ¶3.2 of this Stipulation;

1.31    "Judgment" means the final order and judgment approving the Settlement and dismissing the Action with prejudice, to be entered by the Court substantially in the form attached hereto as Exhibit B;

1.32    "Net Settlement Fund" means the balance of the Settlement Fund after payment of items (a) through (d) of ¶5.2 of this Stipulation;

1.33    "Notice" shall have the meaning set forth in ¶3.1 of this Stipulation;

1.34    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any entity, including any business or legal entity, and, as to each of the foregoing, their spouses, heirs, predecessors, successors, representatives, or assignees;

1.35    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be proposed by Lead Counsel and approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of the items set forth in ¶5.2(a)-(d) herein;

1.36    "Preliminary Approval Order" means the preliminary order issued by the Court for mailing and publication as defined in ¶3.1 herein and substantially in the form of Exhibit A hereto;

1.37    "Released Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiffs, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly, indirectly, or derivatively against any of the Released Defendants' Parties, which arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of Intellipharmaceutics common stock, by any members of the Class during the Class Period, and/or any disclosures, public filings, registration statements, or other statements by Intellipharmaceutics or any Defendant based upon or arising out of any facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were asserted or could have been asserted in this Action or in any other action or forum, whether arising under federal, state, common or foreign law.  For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

1.38    "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendants' Parties or any of them against any of the Released Plaintiffs' Parties, which arise out of or relate in any way to the institution, prosecution, assertion, settlement or resolution of the Action (except for claims to enforce the Settlement).

1.39    "Released Defendants' Parties" means each and all of the Defendants, each of their respective family members (for individuals) and past, present and future direct and indirect parent entities, subsidiaries, related entities and affiliates, and, as applicable, their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

1.40    "Released Plaintiffs' Parties" means each and all of the plaintiffs, consisting of Plaintiffs and members of the Class, and, as applicable, their respective family members, and their respective past, present and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

1.41    "Settlement" means the settlement embodied in this Stipulation;

1.42    "Settlement Amount" means the sum of One Million Six Hundred Thousand Dollars ($1,600,000.00) in cash;

1.43    "Settlement Fund" means the Settlement Amount, deposited, or to be deposited into the Escrow Account, pursuant to ¶2.2 of this Stipulation, together with any amounts paid in accordance with the Contribution Agreement, plus all interest earned thereon pursuant to ¶¶2.2, 2.3, and 2.6 of this Stipulation;

1.44    "Stipulation" shall have the meaning set forth in the introductory paragraph of this document;

1.45    "Summary Notice" shall have the meaning set forth in ¶3.1 of this Stipulation;

1.46    "Supplemental Agreement" means that agreement attached hereto as Exhibit D.

1.47    "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs, members of the Class, or any Defendant does not know or suspect to exist in his, her or its favor at the time of their release of the Released Claims or the Released Defendants' Claims, and including, without limitation, those which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the settlement or the releases.

## II.    LITIGATION

### *Plaintiffs' Allegations.*

Plaintiffs in this action asserted claims on behalf of the putative Class under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  Plaintiffs alleged that Defendants made materially false and misleading statements and omissions during the Class Period with respect to the Company's New Drug

Application ("NDA") for Rexista, an abuse-deterrent extended release formulation of oxycodone hydrochloride.

Plaintiffs allege Defendants' false and misleading statements and omissions caused the price of Intellipharmaceutics' common stock price to rise from $2.71 on May 20, 2015 (the day before the Company announced that it intended to accelerate the development of Rexista) to a Class Period high of $3.92 on May 26, 2015.  On July 24, 2017, in advance of a meeting of an FDA joint advisory committee meeting with respect to the NDA, the FDA released briefing documents prepared by Intellipharmaceutics and by the FDA's staff that raised questions among industry commentators about the adequacy of the information concerning Rexista's abuse-deterrent properties included in the NDA.  Following release of the briefing documents, the price of Intellipharmaceutics' common stock declined.  Thereafter, in a press release issued on July 26, 2017, Intellipharmaceutics reported that the joint advisory committee had voted to recommend that the FDA decline to approve the NDA; following that release, the price for Intellipharmaceutics' common stock further declined in trading on July 26 and July 27, 2017.

Defendants deny that they have committed or intended to commit any wrongdoing or violations of law arising out of any of the conduct, statements, acts, or omissions alleged in the Action and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.

### *Procedural History.*

The original complaint in this consolidated action was filed on July 28, 2017.  Two additional lawsuits were filed shortly thereafter.  The Court consolidated the related actions, appointed Mr. Ducharme, Mr. Snyder and Mrs. Snyder Lead Plaintiffs and approved Lead Plaintiffs' selection of Kahn Swick & Foti, LLC as Lead Counsel.

On January 29, 2018, Plaintiffs filed the Amended Complaint.  Defendants timely filed a motion to dismiss, which Plaintiffs opposed.  On December 17, 2018, the Court entered an opinion and order in which U.S. District Judge J. Paul Oetken granted in part and denied in part the motion to dismiss.  The Court dismissed Plaintiffs' claims to the extent they were based on alleged misstatements or omissions concerning Rexista's bioequivalency to Oxycontin or concerning Rexista's oral and nasal abuse-deterrent features.  The Court denied the motion to dismiss with respect to Plaintiffs' claims concerning the abuse-deterrent studies that had been included in the NDA.  Thereafter, Defendants filed an Answer to the Amended Complaint.

On May 5, 2019, Lead Plaintiffs filed a Motion for Class Certification, Appointment of Class Representatives, and Appointment of Counsel, a Memorandum of Law in Support of the Motion, and a Declaration in Support of the Motion, which included an Expert Report in Support of the Motion.  Soon thereafter, the parties agreed to a stay of proceedings in the Action while they pursued mediation of the claims in dispute with Michelle Yoshida of Phillips ADR, a private mediator with substantial experience mediating claims in securities class actions.

On August 1, 2019, the Parties met and engaged in settlement mediation in New York City.  On August 9, 2019, Lead Counsel for Plaintiffs and counsel for Defendants executed a Memorandum of Understanding setting forth the material terms of the settlement.

### *Investigation by Plaintiffs' Counsel*

Following its appointment as Lead Counsel, KSF conducted an extensive investigation of Defendants and the conduct that formed the basis for the allegations in the Amended Complaint. This investigation included: the retention of and coordination with private investigators; interviews of numerous persons with knowledge of the allegations, including former employees of Intellipharmaceutics as well as third parties; consultation with experts on the issues of damages

and market efficiency; a thorough review of the Company's annual reports, press releases, and financial statements; thorough review of myriad news articles and analysis reports; and other factual and legal research, including substantial research on complex issues.

Beginning on February 19, 2019, Plaintiffs received on a rolling basis from Intellipharmaceutics nearly 3,800 pages of documents in total concerning the allegations in the Amended Complaint, focused on the NDA and communications between Intellipharmaceutics and the FDA concerning the NDA, and immediately commenced review and analysis of these materials. Plaintiffs' Counsel are continuing to review these documents to confirm the fairness, reasonableness and adequacy of the settlement.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny all claims and contentions alleged by Plaintiffs in the Action, and maintain that they have meritorious defenses. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, that they engaged in any conduct that was subject to or violated the federal securities laws, that Plaintiffs or Class Members have suffered damages, that the price of Intellipharmaceutics common stock or any other Intellipharmaceutics securities were artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise, or that Plaintiffs or Class Members were harmed by the conduct alleged in the Amended Complaint.

Nonetheless, Defendants have concluded that further litigation of the Action would be protracted and expensive, and have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Based on these considerations,

Defendants determined that it is desirable and beneficial to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth below in ¶8.3 of this Stipulation, neither this Stipulation nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall constitute an admission or finding of wrongful conduct, acts, or omissions.

## IV.     CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe the claims asserted in this Action have merit.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and possible appeals.  Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as this Action.

Further, Plaintiffs have considered the Action's inherent difficulties and delays.  Plaintiffs also are mindful of the financial condition of Intellipharmaceutics, the amount of available insurance coverage, and the inherent problems of proof and the possible defenses to the securities law violations asserted in the Action.  Based on their evaluation, Plaintiffs and Plaintiffs' Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon and is in the best interests of the Class.

## V.      TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### 1.      The Agreement

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, that, subject to Court approval, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to all Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

2.    **The Settlement**

    a.    **The Settlement Class**

2.1    The Parties stipulate, for purposes of this Stipulation and the Settlement only, to the certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  If for any reason (including the exercise of a right to terminate under the Stipulation) Final Approval of the Settlement is not granted, then the certification of the Class shall become null and void without further order of the Court or any other court.

    b.    **The Settlement Fund**

2.2    Intellipharmaceutics shall cause to be paid the Settlement Amount within the time set forth in ¶2.3 of this Stipulation, below, into the Escrow Account in settlement of the Action and the Released Claims which, with any accrued interest, and together with any amounts later contributed in accordance with the Contribution Agreement, shall constitute the Settlement Fund. Other than the sole and exclusive obligation of Intellipharmaceutics to cause to be paid the Settlement Amount to the Escrow Agent and the obligations of Intellipharmaceutics under the Contribution Agreement, neither Intellipharmaceutics nor any other Defendant shall have any obligation to make any payment into the Settlement Fund pursuant to this Stipulation or the Settlement.

2.3    Subject to the terms of this Stipulation, Intellipharmaceutics shall cause to be paid the Settlement Amount into the Escrow Account within thirty (30) business days after entry of the Preliminary Approval Order.  To enable the timely payment of the Settlement Amount, Lead Counsel shall, no later than five (5) days after the entry of the Preliminary Approval Order, provide counsel for the Defendants with wire transfer instructions and a completed Form W-9 for the Escrow Account.  If the Settlement Amount is not paid within thirty (30) business days after

entry of the Preliminary Approval Order (and provided that Lead Counsel has timely provided the wire instructions and taxpayer identification detailed above), Plaintiffs may require interest to be paid by Intellipharmaceutics or its insurer at the published three-month LIBOR rate per annum on such dates, from thirty (30) business days after entry of the Preliminary Approval Order until the Settlement Amount is paid.

2.4    This is not a claims-made settlement.  Defendants will have no ability to recapture any of the Settlement Amount, unless the Settlement is terminated or does not become effective as set forth in Section 7 of this Stipulation.

2.5    The Released Defendant Parties shall have no responsibility for or incur any liability with respect to the management, investment, or distribution of the Settlement Fund or Net Settlement Fund or for any losses suffered by, or fluctuations in the value of, the Settlement Fund or Net Settlement Fund.

### c.    The Escrow Agent

2.6    The Escrow Agent shall invest the Settlement Fund, or any portion thereof, in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or its agencies and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

2.7    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by Court order.  Upon Final Approval of the Settlement and completion of the claims processing, the Escrow Agent shall distribute the Net Settlement Fund (as defined below) in accordance with the Court-approved Plan of Allocation without further order of the Court.

2.8     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute transactions on behalf of the Class Members that are consistent with the terms of the Stipulation.

2.9     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.10     After payment of the Settlement Fund to the Escrow Agent, Lead Counsel may establish a "Class Notice and Administration Fund" of up to $_____ from the Settlement Fund.  The Class Notice and Administration Fund may be used by Lead Counsel, without prior approval of the Court, only to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class (including any reimbursement of banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation), locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.  Any costs or expenses for notice or claims administration in excess of $_____ shall be paid from the Settlement Fund, subject to the approval of Lead Counsel and further approval of the Court.  The Class Notice and Administration Fund also may be invested and earn interest as provided for in ¶2.6 of this Stipulation.

2.11     The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Escrow Agent, or any

designees or agents thereof; the Class Notice and Administration Fund; the administration of, distribution of, or disbursement from the Class Notice and Administration Fund; the Settlement Fund; the administration of, distribution of, or disbursement from the Settlement Fund; the Net Settlement Fund; or the administration of, distribution of, or disbursement from the Net Settlement Fund.

             **d.**      **Taxes**

2.12    The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.13    For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator.  The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.14 of this Stipulation.

2.14    All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including: (i) any Taxes or tax detriments

that may be imposed upon the Released Defendants' Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Released Defendants' Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)).  The Parties hereto agree to cooperate with the Claims Administrator, the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶2.12 to 2.14 of this Stipulation.

2.15    For the purpose of ¶¶2.12 to 2.14 of this Stipulation, references to the Settlement Fund shall include the Settlement Fund, the Class Notice and Administration Fund and the Net Settlement Fund, and shall also include any earnings on each of the foregoing.

### e.    Effect of Termination or Lack of Effectiveness of Settlement

2.16    In the event that the Effective Date does not occur or the Settlement is terminated or does not become effective for any reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following appeal,

the Settlement Fund (including without limitation any amounts contributed pursuant to the Contribution Agreement) and the Class Notice and Administration Fund and the Net Settlement Fund (in each case, including accrued interest), less certain expenses actually incurred and properly due and owing in connection with the Settlement provided for herein, shall be refunded to Intellipharmaceutics as provided in ¶7.3 of this Stipulation, below, within 30 days of termination of the Settlement.

### 3.        Preliminary Approval Order and Final Approval Hearing

3.1        Promptly after execution of the Stipulation, and no later than November 11, 2019, Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 hereto, mailing the Proof of Claim and Release (the "Claim Form") substantially in the form of Exhibit A-2 hereto, and publication of a Summary Notice (the "Summary Notice") substantially in the form of Exhibit A-3 hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined below), and the date of the Final Approval Hearing (as defined below).  Plaintiffs shall consult in good faith with Defendants as to the language of the motion and related pleadings seeking such Preliminary Approval Order.

3.2        Lead Counsel shall request the Court to schedule a hearing after notice is given (the "Final Approval Hearing") at which Plaintiffs will seek final Court approval of the Settlement and entry of the Judgment.  At the Final Approval Hearing, Lead Counsel also will request that

the Court approve the proposed Plan of Allocation and the Fee and Expense Application, as provided for in ¶¶3.1 and 6.1 to 6.4 of this Stipulation.  The form of Preliminary Approval Order submitted to the Court shall specifically include provisions that, among other things, will:

(a)     Preliminarily approve this Stipulation and the Settlement as being fair, just, reasonable and adequate;

(b)     Preliminarily certify the Class, solely for purposes of the Settlement, and preliminarily find, solely for purposes of the Settlement, that each element for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met;

(c)     Approve the form of the Notice for mailing to Members of the Class;

(d)     Approve the form of the Claim Form for mailing to Members of the Class;

(e)     Approve the form of Summary Notice for publication;

(f)     Direct Lead Counsel to mail or cause to be mailed by first class mail the Notice and the Claim Form to those Persons in the Class who can be identified through reasonable effort, on or before the date specified in the Preliminary Approval Order;

(g)     Direct nominees who purchased or otherwise acquired common stock of Intellipharmaceutics for the benefit of Class Members between May 21, 2015 and July 27, 2017, inclusive, to send the Notice and Claim Form to all such Class Members within ten (10) days after receipt of the Notice or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice;

(h)     Direct Lead Counsel to cause the Summary Notice to be published once in the *Investor's Business Daily*, on or before the date specified in the Preliminary Approval Order, and once online over the *PR Newswire*, on or before the date specified in the Preliminary Approval Order, and to place a copy of the Complaint and the Stipulation (including Exhibits) on the website

of Lead Counsel or a website maintained by Lead Counsel, on or before the date specified in the Preliminary Approval Order;

   (i)  Provide that Class Members who wish to participate in the Settlement shall complete and file Claim Forms pursuant to the instructions contained therein;

   (j)  Find that the notice given pursuant to subparagraphs (c)-(i) above constitutes the best notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

   (k)  Schedule the Final Approval Hearing to be held by the Court to consider and determined whether the Settlement should be approved as fair, reasonable and adequate, and whether the Judgment approving the Settlement should be entered;

   (l)  Provide that any Class Member who so desires may exercise the right to exclude themselves from the Class but only if they comply with the requirements for so doing as set forth in the Notice;

   (m)  Provide that at or after the Final Approval Hearing, the Court shall determine whether the proposed Plan of Allocation should be approved;

   (n)  Provide that at or after the Final Approval Hearing, the Court shall determine and enter an Order regarding whether and in what amount attorneys' fees and reimbursement of expenses should be awarded to Lead Counsel out of the Settlement Fund;

   (o)  Provide that pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member, whether directly, representatively, or in

any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Defendants' Parties;

        (p)     Provide that any objections to: (i) the Settlement; (ii) entry of the Judgment approving the Settlement; (iii) the proposed Plan of Allocation; or (iv) Lead Counsel's fee and expense application(s), and any papers submitted in support of said objections, shall be considered by the Court at the Final Approval Hearing only if, on or before the date specified in the Preliminary Approval Order, Persons making objections shall have filed and served written objections (which shall set forth each objection and the basis therefore) and copies of any papers in support of their position as set forth in the Preliminary Approval Order; and

        (q)     Provide that the Final Approval Hearing may be continued or adjourned by Order of the Court without further notice to the Class.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶7.1 of this Stipulation, Plaintiffs and each of the Class Members, on behalf of themselves, their respective present and former parent entities, subsidiaries, divisions, and affiliates, the present and former employees, officers, directors, advisors, partners, and agents of each of them, and the predecessors, heirs, executors, administrators, trusts, family members, successors and assigns of each of them, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Defendants' Parties, or any of them, whether or not such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

4.2     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting,

intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), asserting any of the Released Claims against any of the Released Defendants' Parties.

4.3     Upon the Effective Date, with respect to any and all Released Claims, the Plaintiffs shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent it applies) or any other law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs, for themselves and on behalf of all Class Members, expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date, Plaintiffs expressly shall have, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without

malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.4    Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Parties from the Released Defendants' Claims, except for those claims brought to enforce the Settlement.

**5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator shall administer and calculate the claims submitted by Class Members under the supervision of Lead Counsel and pursuant to the Preliminary Approval Order entered by the Court.

5.2    Subject to the terms of this Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Claim Forms, and pay escrow fees and costs, if any;

(b)    to pay Taxes and Tax Expenses;

(c)    after the Effective Date, to pay Lead Counsel's attorneys' fees and expenses, to the extent allowed by the Court (the "Fee and Expense Award");

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation (including ¶¶5.3-5.7 below) and the Plan of Allocation and any other applicable order of the Court.

5.3      Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation and the Plan of Allocation, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.4 through 5.7 below.

5.4      Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion which complies with the requirements set forth in the Notice and is postmarked no later than fourteen (14) days prior to the date of the Settlement Hearing.  Any Person who submits a valid and timely request for exclusion (and does not subsequently revoke this request for exclusion) shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation (including the releases herein) or the Judgment.  However, a Class Member may submit a written revocation of a request for exclusion within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court, and may receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Claim Form, as set forth in ¶5.6 below, within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court.

5.5      Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, signed under penalty of perjury and supported by such documents as are specified in the Claim Form and as are reasonably available to the Authorized Claimant.

5.6     All Class Members who fail to timely submit a Claim Form within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.7     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of such Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), such balance shall be reallocated among and distributed to Authorized Claimants in an equitable and economic fashion.  Thereafter, any remaining balance should be donated to an appropriate 501(c)(3) non-profit organization(s) to be selected by Lead Plaintiffs with approval of the Court.

5.8     No Person shall have any claim against Plaintiffs' Counsel, the Claims Administrator, or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Parties that any proposal Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or Settlement of

the Action (including the releases contained in the Stipulation), or any other orders entered pursuant to the Stipulation.

5.10    Defendants will take no position with respect to the Proposed Plan of Allocation or such plan as may be approved by the Court.  The Plan of Allocation is a matter separate and apart from the Settlement and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.

5.11    The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Claims Administrator, or any designees or agents thereof; any act, omission, or determination of or by any other entity designated by Lead Counsel as referenced in ¶5.8 of this Stipulation; the Plan of Allocation; or the administration of the Plan of Allocation.

6.    **Lead Counsel's Attorneys' Fees and Reimbursement of Expenses and Lead Plaintiffs' Expenses**

6.1    Lead Counsel may submit an application or applications for distributions to it from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of actual expenses, including the fees of any experts or consultants incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court (the "Fee and Expense Application").  Defendants will not take any position on any Fee and Expense Application that Lead Counsel may file, provided that such Fee and Expense Application seeks an award of attorneys' fees in an amount not greater than thirty-three and one-third percent (33 1/3%) of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $110,000.00, and further provided that any such Fee and Expense Application is subject to the approval of the Court.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, within three (3) days after the Effective Date of the Settlement, subject to the joint and several obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund plus interest (accrued as from the date the funds of the Settlement Fund are deposited with the Escrow Agent until the date the appropriate refunds or repayments are made), if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses (including the fees of experts and consultants) to be paid out of the Settlement Fund are not part of the Settlement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  The Fee and Expense Award and Plaintiffs' Fee and Expense Application are not settlement terms and will not be grounds for terminating the Settlement or proposed Settlement.  Any order or proceedings relating to the Fee and Expense Application, or Plaintiffs' expenses application, or any appeal from any order relating to either of the foregoing or reversal or modification of either of the foregoing, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or the Settlement (including the releases contained therein).

6.4     The Released Defendants' Parties shall have no responsibility for, and no liability whatsoever with respect to: any Fee and Expense Application that Lead Counsel may file; any Plaintiffs' expenses application that Plaintiffs or Lead Counsel may file; any payments to Lead Counsel pursuant to ¶¶6.1 and 6.2, above; or any Fee and Expense Award that the Court may make in the Action.  The Released Defendants' Parties also shall have no responsibility for, and

no liability whatsoever with respect to any other Person who may seek fees and expenses in connection with prosecuting or helping to prosecute this Action against Defendants or to any other Person who may assert some claim to: any payments to Lead Counsel pursuant to ¶¶6.1 and 6.2, above; or any Fee and Expense Award that the Court may make in the Action.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation and the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been paid into the Settlement Fund as required by ¶2.2 of this Stipulation;

(b)     the Court has entered the Preliminary Approval Order substantially in the form attached hereto as Exhibit A as referenced in ¶3.1 of this Stipulation;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto, which, *inter alia*, dismisses the Action with prejudice as to all Defendants and includes the releases set forth in this Stipulation; and

(d)     the Judgment has become Final.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 of this Stipulation, any and all remaining interest or right of Intellipharmaceutics in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 of this Stipulation are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 of this Stipulation unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

7.3     Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any

reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then within fourteen (14) days after written notification of such event is sent by counsel for Intellipharmaceutics to the Escrow Agent, the Settlement Fund (including accrued interest), including the Settlement Amount, plus the Class Notice and Administration Fund (including accrued interest), and the Net Settlement Fund, and all payments disbursed, including all expenses, costs, and any Fee and Expense Award and any Plaintiffs' time and expense allocations – excluding only expenses and costs which have either been disbursed or are determined to be chargeable to the Class Notice and Administration Fund, in connection with providing notice and other reasonable administrative costs of implementing the Settlement, pursuant to ¶2.10 of this Stipulation, and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date – shall be refunded by the Escrow Agent to Intellipharmaceutics or its insurer pursuant to written instructions from Intellipharmaceutics or its successor-in-interest.  Such amount to be refunded shall not be reduced by any investment losses on funds in escrow and any such losses shall be an obligation of the Escrow Agent.  If said amount or any portion thereof is not returned within such fourteen (14) day period, then interest shall accrue thereon at the rate earned on the Settlement Fund until the date that amount is returned.  At the request of counsel to Intellipharmaceutics, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and Class Notice and Administration Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to written direction from Intellipharmaceutics or its successor-in- interest.

      7.4     In the event that the Stipulation is not approved by the Court or the Settlement is not approved by the Court or is terminated or fails to become effective in accordance with its

terms, the Parties shall be restored to their respective positions in the Action as of the moment immediately before the memorandum of understanding was executed on August 9, 2019.  In such event, the terms and provisions of the Stipulation and any document executed pursuant to or in furtherance of the Stipulation or the Settlement, with the exception of ¶¶2.11, 7.3-7.5, and 8.4, shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any Court order concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.10 of this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.10 and 7.3 of this Stipulation.

7.6     If a bankruptcy proceeding is commenced against Intellipharmaceutics or a trustee, receiver, or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of Intellipharmaceutics to be a preference, voidable transfer,

fraudulent transfer, or similar transaction, then, at Plaintiffs' option, the releases given and Judgment entered in favor of Defendants pursuant to this Stipulation shall be null and void.

7.7     Notwithstanding the foregoing ¶7.6, Plaintiffs' right to nullify the releases and Judgment as to any Defendant pursuant to ¶7.6 shall expire upon the Effective Date.

7.8     Simultaneously herewith, the Parties, by and through their respective counsel, are executing a Supplemental Agreement, attached hereto as Exhibit D, which gives Intellipharmaceutics the right, but not the obligation, to terminate the Settlement in the event that a certain portion of the Class delivers timely and valid requests for exclusion from the Class (the "Supplemental Agreement").

**8.     Miscellaneous Provisions**

8.1     The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the terms and conditions of the Stipulation.

8.2     Subject to the terms of this Stipulation, the Parties intend this Settlement to be a final and complete resolution of all disputes that Plaintiffs and the Class have with the Released Defendants' Parties, and that Defendants have with the Released Plaintiffs' Parties, with respect to the Released Claims and the Released Defendants' Claims, respectively.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Plaintiff or Defendant as to the merits of any claim or defense.  The Judgment will contain a statement that during the course of the Action, Plaintiffs, Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  In addition, Plaintiffs and the Class will not make applications against the Released Defendants' Parties, and Defendants

will not make applications against the Released Plaintiffs' Parties for fees, costs or sanctions, pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of the Action. While retaining its right to deny liability, Intellipharmaceutics agrees that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties agree to refrain from making disparaging statements about the other in any press release, statements to the media, or other public communications (including statements made in court filings or in court) relating to the Settlement, including the claims to be released pursuant to the Settlement, including prior to the Effective Date.

8.3    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendants' Parties, or; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants' Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any of the Released Defendants' Parties may file the Stipulation and/or the Judgment in any action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense, argument, or counterclaim.

8.4    All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by reference.   In the event there exists a conflict or inconsistency between the terms of the Stipulation, on the one hand, and any Exhibit on the other, the terms of this Stipulation shall govern.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

8.7     The Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits constitute the entire agreement among the Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.   Except as otherwise provided herein, Plaintiffs shall not be responsible for any costs borne by Defendants or their counsel, and Defendants shall not be responsible for any costs borne by Plaintiffs or their counsel.

8.8     Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which Lead Counsel deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10     The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.  The Parties agree that any action based on this Stipulation or to enforce any of its terms shall be brought in this Court.

8.13    Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

8.14    All terms of this Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits shall be governed by and interpreted according to the substantive laws of the State of New York, without giving regard or effect to its choice-of-law rules, except to the extent that federal law requires the application of federal law.

8.15    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.16    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.  Unless otherwise stated herein, any breach of any provision of this Stipulation by any Party hereto shall not constitute grounds for rescission of this Stipulation, but shall constitute grounds only for a claim for specific performance for breach of this Stipulation.

IN WITNESS THEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated this 4th day of November, 2019.

DATED: November 4, 2019

Kim E. Miller
**KAHN SWICK & FOTI, LLC**
250 Park Avenue, Suite
2040 New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr.
1100 Poydras Street, Suite 3200
New Orleans, LA
70163 Phone:(504)
455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiffs and the Class*

John J. Clarke, Jr.
Colleen Carey Gulliver
Rachael Kessler
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Fax: (212) 335-4501

*Counsel for Defendants Intellipharmaceutics, Isa Odidi, and Domenic Della Penna*