**KAHN SWICK & FOTI, LLC**
Kim E. Miller (NY-6996)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr.
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
lewis.kahn@ksfcounsel.com
craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAWN SHANAWAZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> INTELLIPHARMACEUTICS INTERNATIONAL INC., ISA ODIDI and DOMENIC DELLA PENNA, <br><br> Defendants. | Case No. 1:17-cv-05761 <br><br> HON. J. PAUL OETKEN |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiffs David Ducharme, Samuel Snyder, and Julian Ann Snyder ("Plaintiffs"), on behalf of themselves and the Class, submit this memorandum of law in support of their Motion for an Order for Final Distribution of the Net Settlement Fund.[1]

Based on the analysis prepared by Rust Consulting, Inc. ("Rust"), the Court-appointed Claims Administrator in this Action, Authorized Claimants have submitted 179 valid and properly documented Proofs of Claims,[2] representing Recognized Losses of $3,652,905.72.[3] ***Thus, the $1,600,000 recovery in this Action represents a net recovery of approximately 24% of total Recognized Claims filed and Recognized Losses,[4] which is an excellent result.***

Lead Plaintiffs respectfully seek the Court's approval to distribute the Net Settlement Fund (after payment of all court approved attorneys' fees, expenses, compensatory awards, and administrative costs) presently totaling $889,553.39[5] to the Authorized Claimants on a *pro rata* basis. For the reasons set forth in detail below, Lead Plaintiffs and Lead Counsel respectfully submit that the proposed distribution is appropriate and should be approved.

**I.    BACKGROUND**

Pursuant to the Final Judgment and Order of Dismissal with Prejudice dated December 7, 2020 (Dkt. No. 69) (the "Final Judgment"), this Court approved, without limitation (i) the terms

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings as set forth in the Stipulation and Agreement of Settlement dated November 4, 2019 (Dkt. No. 58) (the "Stipulation").

[2] This number includes 176 timely filed valid claims and 3 late but otherwise valid claims.

[3] This amount includes Recognized Losses for timely filed, valid claims of $3,646,285.05 and Recognized Losses for late, but otherwise valid, claims of $6,620.67.

[4] The net recovery represents the total amount available for distribution to valid claimants of $889,553.39 (see below) divided by total Recognized Claims of $3,652,905.72 and multiplied by 100.

[5] This represents the Settlement Amount of $1,600,000, plus interest of $325.35, less the following: attorneys' fees of $480,000; legal expenses of $109,981.50, payments to Lead Plaintiffs of $6,000; and claims administration fees and expenses of $114,790.46.

1

of the Stipulation and Agreement of Settlement dated November 4, 2019 (Dkt. No. 58) (the "Stipulation"); (ii) a Plan of Allocation for distribution of the Net Settlement Fund; and (iii) the award of fees and expenses to Lead Counsel and compensatory awards to Lead Plaintiffs.

The Net Settlement Fund available for distribution is $889,553.39 and reflects payment of awarded attorneys' fees and expenses, payment of Lead Plaintiffs' compensatory awards, and payment of claims administration costs.

## II.     CLAIMS ADMINISTRATION

Based on the Court's Order Preliminarily Approving Settlement and Providing for Notice of Pendency entered on July 30, 2020 (Dkt. No. 62) (the "Preliminary Approval Order"), Settlement Class Members wishing to participate in the Settlement were required to submit Proofs of Claim by mail, postmarked no later than January 5, 2021. As a result of a very effective Notice program, to-date, Rust has received 712 Proofs of Claims. *See* Declaration of Jason Rabe Concerning the Results of the Claims Administration Process (the "Rabe Decl."), submitted herewith, at ¶ 21. Rust recommends that any claim after October 14, 2021 be barred on grounds of lack of timeliness.

As demonstrated in the Rabe Decl., Rust received and reviewed these claims and, to the extent that a claim was deficient in any regard, Rust notified claimants of the deficiencies and advised them regarding potential cures. *Id.* at ¶ 16-18. Rust recommends rejection of 533 claims either because they did not result in a Recognized Loss (377), were improperly documented (16 claims), or were otherwise ineligible (140 claims) (for example, claim forms with no eligible transactions or duplicate claims). *Id.* at ¶ 19.

Lead Plaintiffs respectfully request that the Court approve Rust's recommendations on accepting and rejecting the claims as wet forth herein.

### III. THE CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

Rust was responsible for mailing notices to potential Settlement Class Members, maintaining a website and toll-free phone number, processing claims, and distributing the Net Settlement Fund to accepted claimants. Pursuant the Preliminary Approval Order, "[a]ll reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation." Dkt. No. 62 at ¶ 18. As set forth in the Court-approved Notice, moreover, Class Members were informed that "[t]he Claims Administrator's fees and expenses will be paid out of the gross Settlement Fund and are estimated to be $115,000.00." Dkt. No. 63-2 at 5. To-date, Rust's administrative fees and expenses paid in connection with the services performed in providing Notice, processing Proofs of Claims, communicating with Settlement Class Members, and administering and distributing the balance of the Net Settlement Fund, total $114,790.46.

### IV. DISTRIBUTION OF THE NET SETTLEMENT FUND

Lead Plaintiffs respectfully request that the Court enter an order directing and authorizing distribution of the balance of the Net Settlement Fund plus interest accrued thereon, after deduction of fees and expenses previously awarded and requested herein, totaling $889,553.39, to the Settlement Class Members whose 179 claims have been accepted, as set forth on the list of accepted claims submitted with the Rabe Decl., in proportion to their recognized claims as shown therein. *See* Rabe Decl. at Ex. B and Ex. C; *see also In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Secs. Litig.*, No. 05-cv-5323, 2013 U.S. Dist.

LEXIS 11815, at *3 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them. Accordingly, Lead Plaintiffs respectfully request that the Court bar any further claims against the Net Settlement Fund filed after October 14, 2021, and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Net Settlement Fund.

If, no earlier than six (6) months from the date of this Order, there is any unclaimed, residual amount in the Net Settlement Fund, it will be redistributed pro rata to all claimants who have cashed their checks from the first distribution (so long as their proportionate share is $10.00 or more). Thereafter, if any sums remain unclaimed and the unclaimed amount is not sufficiently large enough to warrant further distribution, Lead Plaintiffs respectfully request that the balance be paid to the Legal Aid Society (https://www.legalaidnyc.org/).

## V. CONCLUSION

Lead Plaintiffs respectfully request that the Court grant their Unopposed Motion for Final Distribution of the Net Settlement Fund. A [Proposed] Order for Final Distribution of Net Settlement Fund is submitted herewith.

DATED: October 18, 2021

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

*/s/ Kim E. Miller*
Kim E. Miller
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr.
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Phone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I filed the foregoing upon all counsel of record by using the CM/ECF system. The CM/ECF system will provide service of such filing(s) via Notice of Electronic Filing (NEF).

*/s/ Kim E. Miller*
Kim E. Miller